IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


EDDIE LEE ELLIS,
           Plaintiff,

vs.                                                                3:04cv239/RV/MD

M. NICHOLS A.R.N.P
DR. W.D. RUMMEL, et al.,
           Defendants.

---

## REPORT AND RECOMMENDATION

      This case filed pursuant to 42 U.S.C. § 1983 is now before the court upon the defendants' motion to dismiss the complaint for failure to exhaust administrative remedies (doc. 30) and plaintiff's response thereto.  (Doc. 32).    Upon review of the submissions of the parties, it is the opinion of the undersigned that the defendant's motion should be granted in part and denied in part.


<u>Background</u>

      Plaintiff's allegations are set forth in detail in his amended complaint[1] (henceforth "complaint").  Plaintiff was incarcerated at Santa Rosa Correctional Institution ("SRCI") at all times material to this complaint.  He names two defendants in this action: Advanced Registered Nurse Practitioner ("ARNP") M. Nichols, and Dr. W.D. Rummel, both of whom are employed at SRCI.  Plaintiff alleges that the defendants subjected him to cruel and unusual punishment through their deliberate indifference to his serious medical needs.  He

---

[1] The allegations in this complaint w ere sw orn under penalty of perjury on January 10, 2005.

maintains that they knowingly and willfully ignored a serious and possibly crippling medical injury or ailment that had been previously diagnosed by a specialist and verified by medical documentation.

Plaintiff alleges that when he arrived at SRCI on February 3, 2004, unnamed prison officials confiscated his prescribed orthopedic shoes and his derotation knee brace. (Complaint, ¶ 5).[2] He states that the failure of these unnamed officials, who are not named as defendants in this action, to provide him with proper footwear or a knee brace, or to renew his prescription for pain medication caused him to suffer constant pain, in violation of his eighth amendment rights.  (Complaint, ¶ 6).

Plaintiff states that he first asked ARNP Nichols about these items on February 11, 2004 and she advised him to wait for the return of the items.  (Complaint, ¶ 7).  On February 13, 2004, ARNP Nichols denied plaintiff's request to see a doctor to have his prescription for pain medicine renewed and to have the knee brace and orthopedic shoes returned. (Complaint, ¶ 8).

Plaintiff did not go to sick call until March 19, 2004 to have his prescription for pain medicine renewed.  Plaintiff states that the sick call nurse gave plaintiff's chart to the defendant Dr. Rummel, but that Dr. Rummel refused to provide plaintiff with medication for his chronic pain or to review plaintiff's records. (Complaint, ¶ 9).

On April 18, 2004, plaintiff again signed up for sick call to have his pain medication renewed.  ARNP Nichols renewed plaintiff's prescription for Prilosec but prescribed nothing for the continuous pain in plaintiff's left knee and feet.  (Complaint, ¶ 10).

Plaintiff sent a written request to ARNP Nichols on May 7, 2004 asking why she was continually deliberately indifferent to his need for pain medication.  (Complaint, ¶ 11).

Plaintiff states that before coming to SRCI, he had been taking Tylenol 500 for arthritis pain, but that Nichols and Rummel had not provided him with either that medication or any alternative. (Complaint, ¶ 12).  Plaintiff maintains that the actions of these two

---

[2]Plaintiff's complaint contains sequentially numbered paragraphs within each section, as instructed on the complaint form.  All references to paragraphs of the complaint are to the "statement of facts," unless otherwise noted.

defendants in denying him pain medication, his knee brace and orthopedic shoes constitutes deliberate indifference to plaintiff's serious medical needs. (Complaint, ¶ 13). Plaintiff contends that not only does he suffer daily pain, but the lack of the knee brace means he is unable to exercise his leg properly such that the left leg has begun to deteriorate.  (Complaint, statement of claim, ¶ 3)

There are two grievances attached to the complaint.  The first is a formal grievance filed with the superintendent on February 16, 2004.  In this grievance plaintiff complained that his knee brace and special shoes were taken from him upon his admission to SRCI, and that when he asked ARNP Nichols about them, she told him he would not get them back.  He further states that he submitted a written request to Nichols, asking that he be allowed to see a doctor in hopes of having his prescriptions for pain medication renewed, and his knee brace and shoes returned, but that Nichols did not intend to return his shoes or brace.[3]  As his remedy, he asks that "these items" be returned to him immediately. The response to this grievance states that "review of all available records . . . indicates the special shoes and brace are required while you are working.  As  a CM I inmate, you will not require these devices."

In the grievance appeal, plaintiff complains that he is being discriminated against due to his CM I status, and disagrees that his medical records show that the orthopedic devices are only necessary for working.  He maintains that the administration gave a "poor" reason for denying his initial grievance and suggests that perhaps the reason for this is that his shoes and brace have been misplaced.  Again, the remedy he seeks is to have the items returned to him.  The response to plaintiff's grievance appeal indicates that plaintiff's records were reviewed, and another individual, James Morgan, was contacted for additional information.  As with the response to the initial grievance, the response stated that plaintiff's records indicate that the orthopedic devices were for work and sports activities only.  Hence the grievance was denied.

Plaintiff has supplemented the record, at the court's direction, to provide copies of

---

[3]Here plaintiff refers to an attached response from ARNP Nichols which he has not submitted as part of this amended complaint.

additional grievances he referred to in his response to the motion to dismiss, but failed to include with his amended complaint.  (Doc. 33 & 34).  Exhibit A is an inmate request form dated February 12, 2004, addressed to ARNP Nichols wherein plaintiff requests an appointment with the doctor since his arthritis pain medicine has been discontinued, and also asks for some hemorrhoidal ointment.  The response indicates plaintiff should go to sick call, and also that "the brace and shoes are denied--you can have the orthotics."

Exhibit A-1 is an inmate sick call request from April 18, 2004, wherein plaintiff seeks treatment for acid reflux and daily arthritic pain.

Exhibit A-2 is a May 7, 2004 inmate request again addressed to ARNP Nichols in which plaintiff contends that she refused to rewrite his prescription for pain medication, apparently on two separate occasions.  ARNP Nichols responded that she had not refused to fill any prescriptions for the plaintiff because on March 19, plaintiff's chart had been sent not to her, but to the doctor, who did not order anything for the plaintiff, and the second time she got plaintiff's chart, he was asking only for Prilosec, which he received.

<u>Legal Analysis</u>

Pursuant to 42 U.S.C. 1997e, a prisoner may not bring any suit with respect to prison conditions "until such administrative remedies are exhausted."  Therefore, the exhaustion requirement is now a mandatory prerequisite to filing suit.   *See Hall v. Richardson,*2005 WL 1939431 (11th Cir. 2005); *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000); *Harris v. Garner,* 190 F.3d 1279, 1286 (11th Cir. 1999); *Alexander v. Hawk*, 159 F.3d 1321, 1329 (11th Cir. 1998).  The exhaustion requirement applies to all inmate suits about any aspect of prison life, including cases in which plaintiffs seek only monetary damages. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct.1819, 1825, 149 L.Ed.2d 958 (2001). In *Alexander*, the Eleventh Circuit noted the following seven policy reasons favoring exhaustion:

(1)     to avoid premature interruption of the administrative process;

(2)     to let the agency develop the necessary factual background upon which decisions should be based;

(3)      to permit the agency to exercise its discretion or apply its expertise;

(4)      to improve the efficiency of the administrative process;

(5)      to conserve scarce judicial resources;

(6)      to give the agency a chance to discover and correct its own errors; and

(7)      to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

*Id.* at 1327 (quoting *Kobleur v. Group Hospitalization and Medical Services, Inc.*, 954 F.2d 705, 712 (11th Cir. 1992)).  The exhaustion process is mandatory, and cannot be waived even when the process is futile or inadequate.  *Hall v. Richardson,*2005 WL 1939431 (11th Cir. 2005) (citing *Alexander,* 159 F.3d at 1325-26.) A prisoner must provide as much relevant information about his claims as he can reasonably provide, including the identity of those directly involved in the alleged deprivations.  *Brown v. Sikes*, 212 F.3d 1205, 1210 (11th Cir. 2000).

Chapter 33-103 of the Florida Administrative Code In Florida provides for a multi-tiered grievance procedure.  See *Chandler v. Crosby*, 379 F.3d 1278, 1287-88 (11th Cir. 2004).  Generally, inmates are first required to utilize an informal grievance procedure.  Ch. 33-103.005, F.A.C.  If the grievance is unresolved, the inmate may next file a formal grievance to the warden or assistant warden.  Ch. 33-103.006, F.A.C.  Finally, an inmate may appeal to the Office of the Secretary of the Florida Department of Corrections.  Ch. 33-103.007, F.A.C.

If an inmate has a medical grievance, the informal grievance stage is bypassed, and instead the first step is submission of a formal grievance directly to the warden or assistant warden.  Ch. 33-103.005(1) & 33-103.00 6(3)(e), F.A.C.  Then, if the inmate's grievance is not resolved to his satisfaction, he may submit an appeal to the Office of the Secretary of the Department. Ch. 33-103.007(1).

Although the wording of the administrative code does not mandate that a grievance appeal be filed, in order to exhaust administrative remedies, the inmate must avail himself of all levels of review.  See, e.g. *Jackson v. Parkhouse*, 826 So.2d 478, 479 (Fla. 1st DCA

2002) (inmate who submitted informal grievance but did not follow up with formal grievance or administrative appeal did not exhaust administrative remedies); *Adams v. Barton*, 507 So.2d 665, 666 (Fla. 1st DCA 1987) (inmate who failed to obtain final ruling by Secretary failed to exhaust administrative remedies); cf. *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted.") (citing *Alexander*, 159 F.3d 1326).

Defendants claim that plaintiff did not exhaust his administrative remedies against either defendant.  First, with respect to Dr. Rummel, they contend that plaintiff made <u>no</u> claim against Dr. Rummel in either his formal grievance or his grievance appeal, much less a claim that he had ignored plaintiff's medical condition by either refusing to review records or to issue pain medication.  Plaintiff responds that Dr. Rummels' deliberate indifference to plaintiff's serious medical needs was not known to him until he was later notified of this by Nurse Austin. Plaintiff does not state why he did not attempt to file an administrative grievance against Rummel after obtaining this information.  Furthermore, because plaintiff's grievance and appeal to the warden and secretary respectively focused on his desire that the brace and shoes be returned, the court is not convinced that he has exhausted his claims with respect to Dr. Rummel.  Thus, his claims against this defendant should be dismissed.

Defendants also contend that plaintiff did not exhaust his Eighth Amendment claims against ARNP Nichols in either the formal grievance or the appeal, because he did not claim that Nichols either denied him access to the doctor or refused to renew his pain medication.  While these facts, along with the denial of his knee brace and shoes, were mentioned in plaintiff's grievance to the superintendent, the only "remedy" he sought was return of his knee brace and shoes.  Thus, to the extent the plaintiff's complaint is based on ARNP's denial of access to a physician or her refusal to provide plaintiff with proper pain medication, he has not properly exhausted his administrative remedies, and these claims should be dismissed without prejudice.

The defendants further argue that plaintiff abandoned his claim that Nichols refused

Case 3:04-cv-00239-RV-MD   Document 35   Filed 10/21/05   Page 7 of 8

*Page 7 of  8*

to return his brace and shoes in his administrative appeal, so that this claim is likewise unexhausted. This argument is somewhat disingenuous.  While plaintiff does not mention ARNP Nichols by name in the "remedy" portion of his administrative appeal, she is mentioned in the factual portion of the grievance in conjunction with "inadequate medical procedures," and his appeal also references the grievance plaintiff filed with the warden where she is clearly identified as the person who made the decision not to allow plaintiff to have the items. Finally, the remedy he seeks is again limited to the return or replacement of his shoes and knee brace.   Because of this, the court does not concur that the defendants did not have "fair notice" of plaintiff's claim as they argue.   Therefore, plaintiff's claim against ARNP for improperly denying him his knee brace and orthopedic shoes was properly exhausted, and defendant Nichols should be required to respond to this claim.

Accordingly it is respectfully RECOMMENDED:

1.   That defendants' motion to dismiss the complaint for failure to exhaust administrative remedies (doc. 30) be granted in part and denied in part as follows:

a.   Defendant Rummel's motion to dismiss the complaint against him  be GRANTED, and plaintiff's action with respect to this defendant be dismissed in its entirety without prejudice.

b.   Defendant Nichols' motion to dismiss be DENIED with respect to plaintiff's claim that she violated his Eighth Amendment rights by refusing to return his knee brace and orthopedic shoes.

c.   Defendant Nichols' motion to dismiss be GRANTED with respect to plaintiff's remaining claims against her, and these claims be dismissed without prejudice for plaintiff's failure to exhaust his administrative remedies.

2.   That Defendant Nichols be required to file a special report as previously instructed within thirty days of an order adopting this recommendation.

At Pensacola, Florida, this 21st day of October, 2005.

/s/ *Miles Davis*

MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).